IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ESTELA RAMIREZ, | ) |
| Plaintiffs, | ) |
| v. | ) 10 C 4348 |
| MENARD, INC., | ) Judge Virginia M. Kendall |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Estela Ramirez brought suit against Menard, Inc. in connection with a slip and fall accident she had at one of Menard's stores. Ramirez slipped in a large puddle of clear liquid, significantly damaging her hand. Menard moved for summary judgment against Ramirez. Because there is a genuine issue of disputed material fact, the Court denies Menard's Motion.

**I. Material Uncontested Facts**

Estela Ramirez was shopping at Menard's Melrose Park store at approximately 8:45 A.M. on April 23, 2010.[1] (Pl. Addl. 56.1 Facts ¶ 1). At that time and place Ramirez fell into a large puddle of liquid in the liquid detergent. (*Id.* ¶ 2). Lighting conditions were not a factor in the occurrence. (Pl. 56.1 Resp. ¶ 2). Ramirez was carrying her purse and cell phone in her right hand when she fell. (*Id.*). Ramirez did not see any of the liquid before she fell, and she did not see any

---

[1]Defendants failed to comply with Local Rule 56.1(a). Defendants provided a narrative recitation of the facts. Nevertheless, Plaintiff responded by enumerating the Defendant's statement and providing a response as prescribed by 56.1(b). The Court will accept the Defendant's facts, as laid out by the Plaintiff, for the purposes of deciding this motion. Plaintiff submitted additional facts as allowed for by Local Rule 56.1(b)(3)(C). Defendant did not reply to those facts, and so all of plaintiff's facts are deemed admitted. *See* L.R. 56.1(a) ("All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party.")

evidence of a broken bottle or a package near the area where she fell. (*Id.* ¶ 1). The liquid had a strong odor of bleach. (Pl. Addl. 56.1 Facts ¶ 3). Ramirez does not know how the liquid got on the floor and she has no knowledge as to how long the liquid had been on the floor. (Pl. 56.1 Resp. ¶ 3). The liquid in which Ramirez fell extended through the plumbing and seasonal departments and up to the cash register at the front of the store. (Pl. Addl.56.1 Facts ¶ 5). Cesar Castro, a Menard employee, saw the entire puddle trail after she fell. (*Id.* ¶ 6). According to Castro, customers often have liquid spilling from their carts. (*Id.* ¶ 7). The store is mopped at night and employees walk through the store every morning, about two hours before opening. (*Id.* ¶ 8).

## II. The Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, on summary judgment the Court will limits its analysis of the facts to that evidence that is supported by the parties' Local Rule 56.1 statements properly before the Court. *Bordelon v. Chicago Sch. Reform Bd. of Tr.*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, for purposes of summary judgment the Court will accept that statement as true. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a

particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

**III. Discussion**

A material issue of disputed fact exists to preclude summary judgment in this case. In particular, it is disputed whether Menard had actual or constructive knowledge of the hazardous condition that caused Ramierz's accident. To recover on a negligence "fall down" case the plaintiff must establish: (1) the existence of a duty owed by the defendant; (2) a breach of that duty; and, (3) an injury proximately caused by the breach. *See Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 98 (Ill. 2001). A business owes a duty of care to customers and invitees to maintain reasonably safe conditions on the premises of the business using ordinary due care. *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 953 N.E.2d 427, 431 (Ill. App. 2011). A business breaches its duty to an invitee who slips and falls on the premises of the business if: "(1) the substance was placed there by the negligence of the proprietor; (2) its servants knew of its presence; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered." *Id*. It is clear that Menard owed a duty to Ramirez, an invitee, to maintain the premises of its store in a reasonably safe condition using ordinary care. *Newsom-Bogan*, 953 N.E.2d at 431. What is not clear is whether Menard breached this duty by failing to exercise ordinary care in maintaining its premises.

Ramirez does not contend that the liquid was placed on the floor by the proprietor, but rather that Menard's employees knew or should have known about the hazardous condition. If Menard's employees had knowledge of the pool of liquid, or if the liquid was on the floor long enough that Menard or its employees should have known of its presence, then Menard is liable to Ramirez for

the injuries she sustained as a result of the fall. *Newsom-Bogan*, 953 N.E.2d at 431.

Cesar Castro, a Menard employee, testified that spills "happen[] a lot" at the store. (Castro Dep.*,* pg. 42). He explained that liquid often spills onto the floor due to broken or open containers. (*Id.*, pg. 16). He further testified that liquid frequently leaks from customers' baskets, leaving a trail of liquid like the one Ramirez fell in. (*Id.*, pg. 42-43). Castro saw the entire trail of liquid that Ramirez fell in, and he attributed it to a spill from a customer's cart. (*Id.*, pg. 16; pg. 22; pg. 32; pg. 42-43). Castro testified that Ramirez was found in the Plumbing Department in an aisle of chemical cleaning products. (*Id.*, pg. 10). Castro testified that the floor is mopped at night, and that it is the typical policy of Menard to clean up spills right away. (*Id*., pg. 52). He also testified that the liquid Ramirez slipped in was clear and not easily seen. (*Id.*, pg. 15). In fact, Castro could only identify the entire trail of the liquid by searching for discolored spots in the floor left by the remnants of a liquid. (*Id.*, pg. 33). Another Menard employee, Gabriel Marquez, testified to smelling the odor of bleach in the place Ramirez fell. (Marquez Dep., pg. 12-13). By contrast, Menard claims that none of its employees had notice of the spill.

Castro's testimony indicates that Ramirez fell in a large puddle of spilled liquid, that Ramirez fell in one of the chemical aisles of the store, and that Menard did not take any special care to keep such aisles free of hazardous liquid spills despite knowing that customers frequently spill liquids throughout the store. Furthermore, Castro's testimony makes apparent that the liquid was clear and hard to see. Marquez's testimony indicates that the liquid was, in fact, bleach–which is clear and slippery.

As the testimony shows, Menard only mops its floors once–at the end of every day. And Menard employees look the store over only one time a day, about two hours before opening. It is

therefore possible that someone, early in the morning, carried a leaking bottle of bleach through the store, leaving a large pool of liquid in the liquid cleaning supplies aisle. Although no employee might be directly aware of the spill, they may have had reason to believe that spills are likely to occur, particularly in the liquid cleaning aisles. Notwithstanding this knowledge, no Menard employee took care to remedy the dangerous situation. Alternatively, it is possible that a broken or defective bottle of bleach was sitting on the shelf, creating a pool of clear liquid. A customer or a store employee might have removed the defective bottle, leaving the trail of liquid. On this theory, the customer or employee might have removed the defective bottle but failed to clean up the hazardous pool it left. On either theory, as a result, Estela Ramirez slipped in a puddle of clear liquid, which for obvious reasons she failed to see. It is, of course, also possible that in the morning in question someone carried about a defective bottle of bleach, which leaked and caused a puddle of liquid to accumulate. This could have happened mere moments before Ramirez fell, and so no Menard employee had constructive knowledge of the spill. Lability in this case turns on whether knowledge of the hazardous condition, either constructive or actual, can be imputed to Menard. There is a genuine issue of material fact as to Menard's knowledge of the spilled liquid in the store. This fact will have to be resolved by at a trial.

## IV. Conclusion

For the reasons stated above, Menard's Motion for Summary Judgment is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 21, 2011