# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4348 | **DATE** | 2/28/2012 |
| **CASE TITLE** | Ramirez v. Menard | | |

**DOCKET ENTRY TEXT**

Menard's petition for reconsideration [50] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Estela Ramirez ("Ramirez") sued Defendant Menard, Inc. ("Menard") for injuries she sustained during a "slip and fall" in one of Menard's stores in Illinois. On December 21, 2011, this Court issued a Memorandum Opinion and Order (the "Opinion") denying Menard's motion for summary judgment (the "Motion") because a genuine issue of material fact exists as to whether Menard had actual or constructive notice of the presence of the spilled liquid that Ramirez alleges caused her injury. Menard now petitions for reconsideration (the "Petition"). Menard's Petition is denied.

"A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 502 (7th Cir. 2008), citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Menard does not claim new law, new facts, or a misunderstanding of its arguments; rather, Menard claims that this Court reached an incorrect conclusion because the Opinion "agreed that there was no evidence of constructive notice." (Petition at 1). Menard is incorrect. The penultimate paragraph of the Opinion did not agree that Menard had no constructive notice. The Opinion provided hypothetical examples of potential inferences that could be drawn by a jury, at trial, based on the disputed facts presented by the parties. *One* of the hypotheticals mentioned is a scenario by which a jury could determine, based on the factual evidence presented, that the spill happened moments prior to Ramirez' fall, in which case, as a matter of law, Menard would lack constructive notice and thereby have no liability to Ramirez. The Opinion gives additional examples of hypothetical factual findings by a jury that would result in a judgment in favor of Ramirez. Contrary to Menard's statements in the Petition, the Opinion held that a genuine issue of fact exists as to whether Menard did or did not have notice, constructive or actual, and therefore denied the Motion.

Additionally, Menard contends that the Court erred as a matter of law in denying summary judgment

because Ramirez failed to place before the Court any evidence of an essential element of her action - namely, any evidence of the amount of time the liquid was on the floor prior to Ramirez' fall. Menard cites Seventh Circuit precedent for the proposition that, in Illinois, "absent any evidence demonstrating the length of time that a substance was on the floor, a plaintiff cannot establish constructive notice." *Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008). While it is true that Ramirez did not put forth any evidence of a certain number of minutes in which the liquid was on the floor prior to the fall (the specific issue in *Reid*), Ramirez presented evidence by which a reasonable jury could conclude that the liquid was on the floor for a sufficient period of time to constitute constructive notice. Ramirez presented testimony from the assistant store manager that the liquid was found in a trail that led to numerous places throughout the store, and testimony from another store employee that the liquid gave off a strong odor. Taking the facts in the light most favorable to Ramirez, as this Court is required to do at the summary judgment stage, a reasonable jury could conclude that the length of time required to leave both a trail of liquid throughout a retail store of significant size, and a strong odor in the air surrounding the area of the spill, is sufficient time to constitute constructive notice to Menard.

Finally, Menard relies in its Petition upon the deposition testimony of a former employee, Gabriel Marquez, that (i) Marquez regularly patrolled aisles for spills and (ii) Marquez specifically walked the aisle in which Ramirez fell earlier that morning and saw no spilled liquid. (Petition at 5). Whether Marquez' testimony conclusively decides the issue of constructive notice is irrelevant at this juncture; the Court will not consider it in ruling on the Petition because Menard did not present Marquez' testimony to the Court in its Motion, or in its reply in support of the Motion. "Motions for reconsideration do not provide a vehicle for a party to introduce new evidence or legal theories that could have been presented earlier." *Jolly Group Ltd., v. Medline Indus., Inc.*, 435 F.3d 717 (7th Cir 2006), quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). As noted in the Opinion, not only did Menard fail to comply with Local Rule 56.1 when it filed *no* statement of facts with the Motion, it failed to respond to Ramirez's Local Rule 56.1(b)(3) statement in order to dispute any of Ramirez' facts. Menard also failed even to file a copy of the Marquez deposition, in the hopes that the Court might uncover Marquez' testimony for itself and make Menard's arguments on its behalf. The Court drew its conclusions based upon the facts placed into the record before it; for purposes of the Motion, Menard is now stuck with the record it made. If Menard believes that the testimony of Mr. Marquez will defeat Ramirez's cause of action, Menard may call him at trial before a jury.